UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| BOOKER TORRENCE : | CIVIL ACTION NO: 3:02CV497 (HBF) |
|     Plaintiff, : | |
| : | |
| v. : | |
| : | |
| EDWARD PESANTI, M.D., GERMAIN : | |
| BIANCHI, M.D., EDWARD : | |
| BLANCHETTE, M.D. AND JOHN J. : | |
| ARMSTRONG COMMISSIONER STATE : | |
| OF CONNECTICUT DEPARTMENT OF : | |
| CORRECTION : | January 23, 2006 |

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO LEAVE TO FILE PROPOSED AMENDED AND
SUPPLEMENTAL COMPLAINT AND TO ADD
PARTIES**

Pursuant to Fed. R. Civ. P. 15(a) and (d), the plaintiff, Booker Torrence, has moved to file an amend and supplemental complaint. (A copy of the proposed Amended and Supplemental Complaint is attached hereto as Exhibit A.). This memorandum is respectfully submitted in support of Mr. Torrence's motion.

I.  **FACTUAL BACKGROUND**

On February 22, 1996, Booker Torrence, currently a prisoner in the custody of the Connecticut Department of Correction ("DOC"), filed this Civil Rights Action pro

se and in forma pauperis pursuant to 28 U.S.C. §1915. On October 22, 1999, Mr. Torrence, represented by counsel, filed an Amended Complaint. On August 18, 2000, Mr. Torrence filed a Second Amended Complaint. On July 17, 2001, Mr. Torrence filed a Third Amended Complaint and on December 14, 2001, Mr. Torrence filed a Fourth Amended Complaint.

In the First Amended Complaint, Mr. Torrence charged that while confined in the State of Connecticut Department of Correction ("DOC"), various health care practitioners employed by the DOC were deliberately indifferent to his serious medical needs. Mr. Torrence's allegations arise generally from a pattern of deliberately indifferent medical treatment and non-treatment. Specifically, Mr. Torrence alleged deliberate indifference to his diabetic condition due to lack of treatment, delayed treatment and inadequate treatment. Mr. Torrence's non-treatment for diabetes spanned both his custody at Cheshire Correctional Institution ("Cheshire") and the Carl Robinson Correctional Institution ("Carl Robinson").

In February/March 2000, Mr. Torrence, through his attorney, became informed for the first time that his medical records which were within the custody and control of DOC indicated that he was diagnosed with the hepatitis C virus back in 1995. This

2

revelation led to Mr. Torrence's filing the Second and Third Amended Complaints. In these Amended Complaints, Mr. Torrence alleged that defendants were deliberately indifferent to his serious medical needs for their failure to treat or to treat adequately his diabetes condition and his chronic hepatitis C virus disease.

By Memorandum of Decision dated August 1, 2001, this Court separated Mr. Torrence's claims arising from the period he was incarcerated at Cheshire, and claims arising from the period he was incarcerated at Carl Robinson. The Court did not sever the case based on the two separate, yet intertwined, medical conditions. The severance was merely temporal, and not issue based.

On or about August 15, 2001, Mr. Torrence settled his claims against Dr. Stein and Warden Pelkey relating to the diagnosis and treatment of his diabetes while a prisoner in the custody of the DOC. Mr. Torrence did not release any of the defendants from liability with regard to the diagnosis, screening and/or treatment of his infection with the Hepatitis C virus. In fact, Mr. Torrence specifically insisted that his claim regarding his infection with the Hepatitis C virus, while at Cheshire, as well as Carl Robinson, would remain intact.

3

SHIPMAN & GOODWIN® LLP • *COUNSELORS AT LAW*
ONE CONSTITUTION PLAZA • HARTFORD, CONNECTICUT 06103-1919 • (860) 251-5000 • FAX (860) 251-5099 • JURIS NO. 57385

On or about March 18, 2002, Mr. Torrence's motion was granted to file a Fourth Amended Complaint to add parties and to assign a new docket number. Mr. Torrence's allegations arose from a pattern of deliberately indifferent medical treatment, and non-treatment. Mistreatment for diabetes was not included in this complaint because of the August 2001 settlement of the diabetes claims. The Fourth Amended Complaint, alleged deliberate indifference to his infection with the hepatitis C virus. This pattern of callous and reckless conduct spanned both his custody at Cheshire Correctional Institution and Carl Robinson Correctional Institution.

The parties agreed to wait until Mr. Torrence's treatment was completed before proceeding with discovery. After Mr. Torrence's treatment was said to be complete, the parties attended a court assisted status conference after which the court entered a scheduling order for completion of the depositions of the attending pathologists, Dr. Forouhar, and the infectious disease physician, Dr. Gittzus. Now that these depositions have gone forward, Mr. Torrence is informed of facts with which to amend and supplement his complaint.

SHIPMAN & GOODWIN® LLP • COUNSELORS AT LAW
ONE CONSTITUTION PLAZA • HARTFORD, CONNECTICUT 06103-1919 • (860) 251-5000 • FAX (860) 251-5099 • JURIS NO. 57385

## II. DISCUSSION

Since the filing of the Fourth Amended Complaint in this case on December 14, 2001, Mr. Torrence now seeks to amend and supplement his complaint and to add parties. This request for leave to amend results from occurrences and events that have transpired since 2001, namely that Mr. Torrence while an inmate under the control of the State of Connecticut Department of Correction ("DOC") was first transferred from one DOC institution to another causing his care to be provided by new medical staff personnel and after a long period of delay was treated unsuccessfully and inadequately for his infection with the hepatitis C virus. While incarcerated at Osborn Correctional Institution ("Osborn"), Mr. Torrence began treatment for his infection with the hepatitis C virus in January 2003. The treatment period was 48 weeks and ended in approximately January 2004. During this period of time while Mr. Torrence underwent treatment, the facts were very much unsettled and discovery was halted. Once Mr. Torrence's treatment had ended, Mr. Torrence began to engage in discovery covering the period just prior to treatment, during treatment and post treatment. This proposed Fifth Amended Complaint therefore addresses the period of time covered by the prior complaint through the period ending in the middle of July 2005. The

SHIPMAN & GOODWIN® LLP • COUNSELORS AT LAW
ONE CONSTITUTION PLAZA • HARTFORD, CONNECTICUT 06103-1919 • (860) 251-5000 • FAX (860) 251-5099 • JURIS NO. 57385

proposed Fifth Amended Complaint covers matters that occur after the filing of the complaint and pertains to the previous complaints.

Once twenty (20) days have passed since the filing of a pleading, Rule 15(a) allows a party to amend his pleadings by leave of the court. Leave to amend shall be freely granted when justice so requires. Rule 15(a); Foman v. Davis, 371 U.S. 178, 182 (1962). In the absence of bad faith and related reasons, leave to amend should be freely given. Rachman Bag Co. v. Liberty Mutual Insurance Company, 46 F.3d 230, 234-235 (2nd Cir. 1995). (Leave to Amend Answer granted four years after commencement of action even where defendant's reasons for requested answer were unclear.)

Similarly, Rule 21 liberally allows the addition of parties. "Rule 21 authorizes the addition of a person who, for whatever reason, has not been made a party and whose presence as a party is deemed to be necessary or desirable. Wright, Miller & Kane, Federal Practice and Procedure, Civil 3d §1683. In deciding whether to allow joinder, the Court is guided by "the same standard of liberality afforded to motions to amend pleadings under Rule 15." Soler v. G & U, Inc., 86 F.R.D. 524, 527-28 (S.D.N.Y. 1980); Clarke v. Fonix Corp., 1999 U.S. Dist. LEXIS 2143, 98 Civ. 6116

SHIPMAN & GOODWIN® LLP • COUNSELORS AT LAW
ONE CONSTITUTION PLAZA • HARTFORD, CONNECTICUT 06103-1919 • (860) 251-5000 • FAX (860) 251-5099 • JURIS NO. 57385

(RPP), 1999 WL 105031, at *6 (S.D.N.Y. Mar. 1, 1999), aff'd, 199 F.3d 1321 (2d Cir. 1999). ("Although Rule 21, and not Rule 15(a) normally governs the addition of new parties to an action, the same standard of liberality applies under either Rule.").

Federal Rule of Civil Procedure 15(d) allows a party to move to serve a supplemental pleading that sets forth transactions, occurrences or events that took place after the date of the original pleading. A supplemental pleading is designed to cover matters that occur after the filing of the complaint, but pertain to the original pleading. See Scottish Air International Inc. v. British Caledonian Group PLC, 152 F.R.D. 18, 28 (S.D.N.Y. 1993). "Need to file a supplemental pleading should be freely permitted when the supplemental facts connect to the original pleading and is normally granted if the opposing party is not prejudiced by the supplemental pleading." Wells v. Harris, 185 F.R.D. 128, 132 (D. Conn. 1999).

The Fifth Amended Complaint maintains the allegations involving the harm sustained by Mr. Torrence regarding his hepatitis C infection claim detailed in the Fourth Amended Complaint and sets forth transactions, occurrences and events that took place from December 14, 2001 until July 2005. It adds, new parties who were directly involved in the harm sustained by Mr. Torrence regarding his hepatitis C

SHIPMAN & GOODWIN® LLP • COUNSELORS AT LAW
ONE CONSTITUTION PLAZA • HARTFORD, CONNECTICUT 06103-1919 • (860) 251-5000 • FAX (860) 251-5099 • JURIS NO. 57385

infection claims. The additional parties are Mark Buchanan, M.D., current Medical Director for the University of Connecticut Health Center, Correctional Managed Health Care and Theresa C. Lantz, current Commissioner, State of Connecticut Department of Corrections.

In May 2002, Mark Buchanan, a medical doctor became Medical Director for Correctional Managed Health Care at the University of Connecticut Health Center. As such, Dr. Buchanan was and is responsible for supervising the delivery of health care to DOC inmates, including Mr. Torrence, consistent with the Eighth Amendment and the Equal Protection clause of the Fourteenth Amendment. Dr. Buchanan failed to formulate and to implement policies for adequate screening, monitoring, counseling and treating inmates, like Mr. Torrence, who have chronic hepatitis C virus, in violation of Mr. Torrence's rights under the Eighth Amendment.

Commissioner Theresa C. Lantz, is the current Commissioner, State of Connecticut Department of Corrections. Commissioner Lantz failed in her responsibilities to provide for the safe custody of Mr. Torrence and to provide for health care services to Mr. Torrence consistent with the requirements of the Eighth Amendment.

8

Dr. Buchanan and Commissioner Lantz are necessary parties, and must be added in order to provide a complete picture of the wrong done to Mr. Torrence, and to insure that the uninterrupted pattern of wrongful behavior is described completely.

### III.   CONCLUSION

For the foregoing reasons, Mr. Torrence respectfully requests permission to file an amended and supplemental complaint and to add parties.

        PLAINTIFF,
        BOOKER TORRENCE

By _____
    Howard L. Pierce
    Federal Bar No. ct10891
    Gerald A. DeSimone
    Federal Bar No. ct24973
    For Shipman & Goodwin LLP
    One Constitution Plaza
    Hartford, CT 06103-1919
    Tel: (860) 251-5000
    Fax: (860) 251-5318
    email: hpierce@goodwin.com
    email: hpierce@goodwin.com
    His Attorneys

## CERTIFICATION OF SERVICE

I hereby certify that a copy of the foregoing was mailed, postage prepaid, this 23rd day of January, 2006 to:

Terrence M. O'Neill, Esq.
Assistant Attorney General
110 Sherman Street
Hartford, CT 06105

_____
Howard L. Pierce

425090 v.01

SHIPMAN & GOODWIN® LLP • COUNSELORS AT LAW
ONE CONSTITUTION PLAZA • HARTFORD, CONNECTICUT 06103-1919 • (860) 251-5000 • FAX (860) 251-5099 • JURIS NO. 57385