UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| BOOKER TORRENCE | ) | |
| | ) | CASE NO.: 3:02:CV497 (HBF) |
| Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| EDWARD PESANTI, ET. AL. | ) | |
| | ) | |
| Defendants | ) | JULY 12, 2006 |

**MOTION TO WITHDRAW APPEARANCE AS COUNSEL**
**FOR HOWARD L. PIERCE AND GERALD A. DESIMONE**

Pursuant to Local Rule of Civil Procedure 7(e), the undersigned counsel, Howard Pierce and Gerald A. DeSimone, of Tyler Cooper & Alcorn, LLP, respectfully request permission to withdraw their appearance in the above captioned case.

Rules 1.16(b)(4), (b)(5), and (b)(6) of the Connecticut Rules of Professional Conduct set forth various grounds for permissive withdrawal of a appearance, which include: (1) when the client "substantially fails to fulfill an obligation to the lawyer regarding lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled"; (2) when representation "has been rendered unreasonably difficult by the client"; and (3) when there exists good cause for withdrawal. These criteria have been met in the present case. Despite diligent efforts and numerous warnings by the undersigned counsel, Mr. Torrence's

1

complete failure to actively participate in the prosecution of his case has lead to the complete deterioration of the attorney-client relationship to the point that further representation of Mr. Torrence has become unreasonably difficult, if not impossible, thereby not only meeting, but exceeding, the standard for withdrawal under the to Local Rule of Civil Procedure and the Connecticut Rules of Professional Conduct.

In support of this Motion, the undersigned counsel state the following:

1. In July, 2005, Mr. Torrence was released from the Osborn Correctional Institute in Somers, Connecticut into the general population.

2. Some time subsequent to his July, 2005 release, Mr. Torrence was found to have violated the terms of his parole. As a result, Mr. Torrence was remanded to the custody of the Waterbury AIC ("AIC"), a halfway house, for approximately six months.

3. On April 25, 2006, the undersigned counsel received a telephone call from Mr. Torrence informing them that he had again violated the conditions of his parole by failing to return to AIC. Beyond this fact, however, Mr. Torrence declined to discuss anything further, including the prosecution and/or settlement of his case, his whereabouts or how to contact him in the future. Rather, Mr. Torrence merely stated that he would call back "soon".

4. On June 5, 2006, the undersigned counsel were informed by Assistant State's Attorney Terrance O'Neil that Mr. Torrence was considered a fugitive and that a warrant had been issued for his arrest for his alleged parole violation.

5. On June 9, 2006, the undersigned counsel received a second phone call from Mr. Torrence in which he briefly stated that he still had neither returned to AIC, nor had he contacted

his parole officer. Moreover, despite their persistence, he again refused to substantively discuss the case with the undersigned counsel and merely said he would call back in one week.

6. Despite Mr. Torrence's promise to contact the undersigned counsel within one week of June 9, 2006, Mr. Torrence failed to do so.

7. On June 12, 2006, the undersigned counsel sent a letter of notice via first class and certified mail, return receipt requested, to all of Mr. Torrence's last known addresses informing Mr. Torrence of the urgent need to contact the undersigned counsel. The letter gave warning to Mr. Torrence that if he failed to (1) contact either attorney Pierce or attorney DeSimone by June 19, 2006, (2) make sufficient time to discuss all of the substantive issues pending in his case, and (3) continue to cooperate fully in the prosecution of his case in the future, present counsel would have no alternative but to discontinue their representation of him in this matter. In addition, the letter informed Mr. Torrence that if present counsel withdrew their appearance with the Court, and if he failed to retain alternative counsel or file a *pro se* appearance, Rule 7(e) of the Rules of the Untied States District Court for the District of Connecticut provides that the Court may order his case be dismissed with prejudice, thereby preventing him from pursuing any type of judicial remedy for his claims.

8. The June 12, 2006 letter to Mr. Torrence was returned to the undersigned counsel as undeliverable on July 9, 2006.

9. Presently, the undersigned counsel has no means of contacting Mr. Torrence.

10. Because of Mr. Torrence's complete failure to stay in regular contact with the undersigned counsel and fulfill his obligation to reasonably participate in the prosecution of his

case, representation of Mr. Torrence has been rendered unreasonably difficult, if not impossible and necessarily equate to good cause for the undersigned counsel's withdrawal pursuant to Rules 1.16(b)(4), (b)(5), and (b)(6) of the Rules of Professional Conduct.

11.   Notice of this Motion has been sent to Mr. Torrence's last known addresses via certified mail, return receipt requested.

For all these reasons, the undersigned counsel respectfully request that the Court grant this Motion to withdraw their appearances from the Court.

The undersigned counsel do not wish to prejudice Booker Torrence's claim of this matter and therefore request an in camera hearing to fully discuss the issues giving rise to this Motion.

ATTORNEYS FOR THE PLAINTIFF,
BOOKER TORRENCE

By _____
Howard L. Pierce (ct 10891)
TYLER COOPER & ALCORN, LLP
185 Asylum Street
CityPlace I, 35th Floor
Hartford, CT 06103
Telephone: (860) 725-6200
Facsimile: (860) 278-3802
E-Mail: hpierce@tylercooper.com

By _____
Gerald A. DeSimone (ct 24973)
TYLER COOPER & ALCORN, LLP
185 Asylum Street
CityPlace I, 35th Floor
Hartford, CT 06103
Telephone: (860) 725-6200
Facsimile: (860) 278-3802
E-Mail: gdisimone@tylercooper.com

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was mailed, postage prepaid to all counsel and parties of record as follows on this 12th day of July, 2006:

Terrance M. O'Neil
Assistant Attorney General
110 Sherman Street
Hartford, CT 06105

And sent by certified mail, return receipt requested, to Booker Torrence at the following addresses:

Booker Torrence
In Care Of:
Mark Kostecki
63 Central Avenue
Waterbury, CT 06722

Booker Torrence
In Care of:
Waterbury AIC
421 E Main Street
Waterbury, CT 06702

_____
Howard Pierce