UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| BOOKER TORRENCE,<br>    Plaintiff, | :  CIVIL ACTION NO. 3:02CV497 (HBF)<br>:<br>: |
| v. | : |
| EDWARD PESANTI, M.D., GERMAIN BIANCHI, M.D. EDWARD BLANCHETTE, M.D. AND JOHN J. ARMSTRONG COMMISSIONER, STATE OF CONNECTICUT DEPARTMENT OF CORRECTION,<br>    Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:  MARCH 29, 2007 |

## SETTLEMENT AGREEMENT

The plaintiff, Booker Torrence, and the defendants, Edward Pesanti, M.D., Edward Blanchette, M.D., Germain Bianchi, John Armstrong and the State of Connecticut, hereby enter into this stipulated agreement to resolve the above-captioned matter in accordance with the following terms:

1. The plaintiff, Booker Torrence, agrees to withdraw this action against all defendants, with prejudice and without an award of costs to any of the parties. In addition, the plaintiff agrees to execute the general release of liability attached hereto and incorporated by reference herein.

2. The State of Connecticut agrees to pay to the plaintiff the sum of Sixty Eight Thousand Dollars ($68,000.00) in full and final settlement of all of the plaintiff's damages claims, including attorneys' fees and costs, as set forth in his complaint. The sum of

$68,000.00 shall be paid to plaintiff's counsel, Tyler, Cooper & Alcorn, in accordance with counsel's instructions.

3. The State of Connecticut waives its rights to recoup, from the proceeds of this settlement only, the costs of plaintiff's incarceration as established by Conn. Gen. Stat. § 18-85b. This waiver shall not serve to forever waive the state's lien, nor shall it apply to any other source of income to the plaintiff.

4. It is expressly understood that the payment of the aforesaid sum, and the defendants' agreement to enter into this stipulation, do not constitute an admission of liability on the part of the named defendants, the State of Connecticut or any other present or former officer, agent or employee of the State, but rather represent the compromise settlement of the claims made in this action. The payment of the aforesaid sum is solely in consideration for the execution by the plaintiff of his general release and the withdrawal of the plaintiff's claims as set forth in this action.

5. Each of the parties hereto represents to each other party that the individual executing this Settlement Agreement on behalf of such party is duly authorized to execute this Settlement Agreement and to so bind the entity for which such party is executing this Settlement Agreement.

6. By executing this agreement and the release of liability, the plaintiff agrees that he has had an adequate opportunity to consult with counsel and discuss the terms and conditions of this settlement, and that he enters into this settlement voluntarily and with full understanding of the terms of this agreement.

7. In executing this agreement and the release of liability, the plaintiff and his attorney represent that the plaintiff is competent to enter into this agreement and fully vested with the authority to act on his own behalf.

8. This written settlement agreement, and the release executed by the plaintiff and incorporated by reference herein, constitute the entire agreement of the parties and may not be amended except by execution of a written document signed by all parties. The parties expressly agree by their execution of this document that there are no other terms, conditions or expectations other than what is set forth in this Agreement and the release executed by the plaintiff.

PLAINTIFF:
Booker Torrence

_____
Howard L. Pierce, Esq.
Federal Bar No. 10891
Gerald A. DeSimone, Esq.
Federal Bar No. 24973
Tyler, Cooper & Alcorn, LLP
185 Asylum Street
Hartford, CT 06103
Tel.: (860) 725-6200

_3/29/07_____
         Date

DEFENDANT:
State of Connecticut, Et Al.,

RICHARD BLUMENTHAL
ATTORNEY GENERAL

_____
Terrence M. O'Neill
Assistant Attorney General
Office of the Attorney General
110 Sherman Street
Hartford, CT 06105
Federal Bar No. 10835
Tel.: (860) 808-5450

_3/29/07_____
         Date